RECEIVED
05/13/2025
KELLY L. STEPHENS, Clerk

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| IN RE: ANDREW LINARES<br>*Petitioner*<br><br>ANDREW LINARES<br>*Plaintiff-Respondent,*<br><br>v.<br><br>LOWE'S PRO SUPPLY CO<br>*Defendants-Petitioners.* | No. [PENDING] |

Emergency Petition for a Writ of Mandamus
United States District Court for the Eastern District of Michigan at Detroit; No. 2:25-cv-11027—Robert J. White, District Judge.

## I.     INTRODUCTION

**NOW COMES**, Petitioner Andrew Linares, appearing in propria persona, respectfully petitions this Court for an emergency writ of mandamus compelling the District Court to vacate its prefiling restriction. The District Court's order unconstitutionally bars "any further motions" and was imposed without prior notice, a hearing, factual findings, or an opportunity for Petitioner to be heard. By requiring leave of court to file any future motion—while simultaneously prohibiting the filing of such a request—the order creates a procedural paradox that makes lawful compliance impossible. This blanket restriction directly denies Petitioner access to the court and eliminates his ability to respond to any prospective motion practice by Defendant. For these reasons, and to prevent irreparable harm to his constitutional due process rights, this petition requires immediate appellate intervention.

## II. STATEMENT OF FACTS

1. On May 9, 2025, the District Court denied Petitioner's Rule 60(b)(4) motion, which challenged the validity of the judgment on the basis that arbitrability had been delegated to an arbitrator under the AAA Rules, and that the Court lacked subject-matter jurisdiction to decide the issue under *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019).

2. In the same order (ECF No. 20), the Court sua sponte imposed a **blanket prefiling restriction**, stating that "any future motions" in the case may not be filed without prior leave of court.

3. The order explicitly precludes "any future motions," a phrase that renders it impossible for Petitioner to file even a motion to challenge or clarify its terms.

4. The order provided **no mechanism for compliance**—i.e., it offered no procedure by which Petitioner could seek such leave. The very act of requesting permission would itself violate the restriction, making compliance legally impossible.

5. The order was entered without prior notice, without a hearing, and without any finding of bad faith, harassment, or vexatious litigation—conditions the Sixth Circuit has made mandatory for such restrictions. See *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).

6. As a pro se litigant, Petitioner has no alternative means of seeking judicial relief, making the restriction not only impractical but also a denial of access to the court.

7. The restriction further prevents any possibility for Petitioner to respond to any future motion practice initiated by Defendant, thereby exacerbating the deprivation of his rights.

8. Petitioner has filed a **Motion for Pauper Status** in this court, in which he details his procedural good faith and the absence of frivolous or repetitive filings.

### III. ARGUMENT

### A. Impossibility of Compliance

The District Court's language, which categorically precludes "any motions," creates a Catch-22. Filing a motion for leave of court—to challenge or modify the prefiling restriction—is necessarily prohibited by its own terms. This self-defeating mechanism ensures that Petitioner is trapped, unable to seek judicial redress or further the litigation on his claims. Such a sanction, by design, makes it impossible for Petitioner to invoke any appellate remedy or to continue engaged legal advocacy.

### B. Denial of Access and Constitutional Due Process

As recognized by longstanding precedents, every litigant, and especially a pro se litigant, is entitled to meaningful access to the courts. The District Court's prefiling restriction effectively denies Petitioner the opportunity to be heard—a violation of his constitutional due process rights. By precluding the very act of motion filing, the order strips away the essential procedural safeguard of judicial review, leaving Petitioner without any recourse to challenge the void judgment on its merits or the underlying jurisdictional defects.

### C. The Restriction Was Imposed Without Due Process or Legal Justification

The District Court imposed the restriction **without affording Petitioner notice or an opportunity to respond**. It cited only that Petitioner's arguments were "arguably frivolous"—a **concession of ambiguity**, not a finding of bad faith. The Sixth Circuit requires that any filing restriction be, 1) Supported by a **clear record of abusive behavior;** 2) **Narrowly tailored** to address the conduct in question; and 3) Imposed only after notice and an opportunity to be heard.

*See Feathers*, 141 F.3d at 269; *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996)

None of these requirements were satisfied. Petitioner filed **no more than four core motions**, all timely and narrowly tailored to jurisdictional defects or procedural rights. No duplicative filings, abusive tactics, or bad-faith conduct appear anywhere in the record.

### D. Inability to Respond to Defendant's Motion Practice

The blanket nature of the restriction also prevents Petitioner from responding to or countering any prospective motions filed by Defendant. This creates an unbalanced proceeding where only one party is permitted to engage in motion practice, further undermining the fairness and integrity of the judicial process. Petitioner's right to a robust and adversarial forum is thereby compromised, justifying immediate appellate intervention.

### E. Extraordinary Circumstances and Legal Standard for Mandamus Relief

Mandamus is an extraordinary remedy, issued only when:

1. The petitioner has a clear right to the relief requested;

2. The petitioner has a clear, nondiscretionary right to a judicial act; and

3. There exists no other adequate remedy.

In this case, Petitioner's right to access the courts and the ability to file motions in defense of his constitutional rights is clear and indisputable. The procedural blanket prefiling restriction exceeds acceptable judicial discretion, rendering it an impermissible exercise of authority. Given that no alternative remedy exists, mandamus is the proper recourse to prevent the irreversible harm to Petitioner's rights.

## IV. CONCLUSION

The District Court's prefiling restriction, by precluding "any motions," creates an irreparable

barrier to judicial access and due process for Petitioner—a pro se litigant – and obstructs his ability to counter any future motion practice by Defendant. Mandamus relief is warranted in this instance to correct an egregious abuse of judicial authority and to safeguard the fundamental right of access to the courts. Given the urgency of the situation, immediate appellate action is necessary to prevent further harm.

## V.   PRAYER FOR RELIEF

WHEREFORE the foregoing reasons, Petitioner respectfully prays that this Court:

1. Grant an emergency writ of mandamus directing the District Court to vacate its prefiling restriction;

2. Order that the restriction be rescinded to allow Petitioner to file all necessary motions, including a motion for leave of court, without contravening the court's own order; and

3. Grant any other such relief as the Court deems just and proper to ensure that Petitioner's constitutional rights of access to the courts and due process are preserved pending further proceedings.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on May 13th, 2025, at Dearborn Heights, Michigan.

Respectfully submitted,

_____
Andrew Linares
*In Pro Per*
4450 Harding Street
Dearborn Heights, MI 48125
734-205-8788

KEY CASES AND CONTROLLING AUTHORITIES

**Mandamus Relief and Extraordinary Remedies**

1. *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367 (2004):

2. *Hustler Magazine, Inc. v. U.S. Dist. Ct.*, 790 F.2d 69 (10th Cir. 1986):

**Pre-Filing Restrictions**

3. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264 (6th Cir. 1998):

4. *Ortman v. Thomas*, 99 F.3d 807 (6th Cir. 1996):

**Due Process and Access to Courts**

5. *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524 (2019):

6. *Greene v. Frost Brown Todd, LLC*, 856 F.3d 438 (6th Cir. 2017):

**Rule 60(b)(4) and Void Judgments**

7. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260 (2010):

8. *Johnson v. East Tawas Housing Commission*:

**Procedural Safeguards and Judicial Discretion**

9. *Kellogg v. Wilson*:

10. *Sharp v. State of New Mexico*: